**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

WILLIAM MORROW,

        Defendant.

Case No. 2:13–cr–141–JAD–VCF

**ORDER**

        This matter involves the United States' prosecution of William Morrow. Before the court is the United States' Motion for Appointment of Counsel (#78, #81[1]) and Motion for a Hearing (#79). On September 25, 2014, the court heard oral argument on the government's motions. For the reasons stated below, the court orders supplemental briefing on the United States' Motion for Appointment of Counsel and grants its Motion for a Hearing.

**BACKGROUND**

        William Morrow was indicted on April 17, 2013. Morrow retained Mr. Benjamin Nadig, Esq. as defense counsel. A year later, the Las Vegas Metropolitan Police Department and U.S. Attorney's Office initiated an investigation into Mr. Nadig. The investigation is ongoing. It concerns Mr. Nadig's representation of another client in another matter that is unrelated to Morrow's prosecution. As a result of the investigation, Mr. Nadig withdrew from representing the other client in the other matter.

        Now, the government moves to disqualify Mr. Nadig in this matter. The government argues that Mr. Nadig's continued representation of Morrow presents a concurrent conflict of interest under Nevada

---

[1] Parenthetical citations refer to the court's docket.

Rule of Professional Conduct 1.7(a)(2), which applies here. *See* LR IA 10-7(a).[2] Additionally, the government argues that Mr. Nadig's representation of Morrow may jeopardize integrity of the judicial process. The government asserts that Morrow—who previously agreed to testify on the government's behalf against his co-conspirators—is now subject to impeachment because of his attorney's investigation. Both Morrow and Mr. Nadig[3] oppose the motion, arguing that Morrow has a constitutional right to counsel of his own choosing, that no conflict exists and, even if one did exist, Nadig will be able to "provide competent and diligent representation" to Morrow. *See* NEV. R. PROF'L CONDUCT 1.7(b)(1).

## LEGAL STANDARD

The Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defense." U.S. CONST. amend VI. The Sixth Amendment's "root meaning" is the "right to retain counsel of [one's] own choosing. *Kaley v. United States*, 134 S. Ct. 1090, 1102 (2014) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988); *United States v. Gonzalez–Lopez*, 548 U.S. 140, 147–148 (2006)). The Supreme Court has "held that the wrongful deprivation of choice of counsel is 'structural error,' immune from review for harmlessness, because it 'pervades the entire trial.'" *Kaley*, 134 S. Ct. at 1102 (citing *Gonzalez–Lopez*, 548 U.S. at 150). In Justice Scalia's words:

> Where the right to be assisted by counsel of one's choice is wrongly denied, it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation, since the right to select counsel of one's choice is not derived from the Sixth Amendment's purpose of ensuring a fair trial; thus, deprivation of the right is complete when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received.

---

[2] This rule adopts "the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada, except as such may be modified by this Court."
[3] Mr. Nadig is represented by counsel for the limited purpose of litigating the government's motion.

*Gonzalez–Lopez*, 548 U.S. at 148.

However, this right is not absolute. *Id.* at 252; *Wheat*, 486 U.S. at 159. One limit to a criminal defendant's Sixth Amendment right to counsel of his own choosing is the court's own duty to secure fairness in the administration of justice, protect the integrity of the judicial process, and ensure that its judgments remain intact on appeal. FED. R. CRIM. P. 2; *Wheat*, 486 U.S. at 159–61 ("[N]o such flat rule can be deduced from the Sixth Amendment presumption in favor of counsel of choice. Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."); *Gonzalez–Lopez*, 548 U.S. at 151–52 ("Nor may a defendant . . . demand that a court honor his wavier of conflict-free representation.").

To determine whether the court should accept or reject a criminal defendant's waiver of his right to conflict-free representation, the court must carefully balance the defendant's right to be represented by the counsel of his choice against the court's interest in the orderly administration of justice. *Gonzalez–Lopez*, 548 U.S. at 152 (citation omitted). The court has "wide latitude" in making this determination. *Id.*

## DISCUSSION

The government's motion presents two questions: (1) whether Mr. Nadig's representation of Morrow presents a conflict of interested under the Nevada Rules of Professional Conduct and, (2) if so, whether the court can accept Marrow's waiver of the conflict in light of its duty to protect the integrity of the judicial process.

The parties have fully briefed the first question. However, the second question requires supplemental briefing. Namely, how should the court apply the balancing test identified by Justice Scalia in *Gonzalez–Lopez* in light of the facts of this case? *See Gonzalez–Lopez*, 548 U.S. at 152. Stated

differently, how will Mr. Nadig's continued involvement in Morrow's trial potentially jeopardize the administration of justice?

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Motion for Appointment of Counsel (#78, #81) is taken UNDER ADVISEMENT.

IT IS FURTHER ORDERED that the government must file a SUPPLEMENTAL BRIEF regarding the issues discussed above by Monday, September 29, 2014. Mr. Nadig's OPPOSITION to the government's supplemental brief is due Wednesday, October 1, 2014.

IT IS FURTHER ORDERED that the government must file an in camera MEMO detailing its investigation into Mr. Nadig by Monday, September 29, 2014.

IT IS FURTHER ORDERED that Mr. Nadig file an AFFIDAVIT explaining his basis for his "reasonable belief" that he will be able to provide "competent and diligent representation" despite the conflict of interest. *See* NEV. R. PROF'L CONDUCT 1.7(b)(1).[4]

IT IS FURTHER ORDERED that Morrow file a WRITTEN WAVIER of the conflict of interest, which notifies Morrow the rights he is waiving at trial and on appeal.

IT IS FURTHER ORDERED that the government's Motion for a Hearing (#79) is GRANTED. A HEARING is set for Friday, October 3, 2014, at 11:00 a.m. in Courtroom 3D.

IT IS SO ORDERED.

DATED this 25th day of September, 2014.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[4] The court recognizes that Mr. Nadig rejects the assertion that a conflict exists. Filing the affidavit will not waive this argument or be understood as a concession that a conflict exists.