# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>        Respondent/Plaintiff,<br><br>v.<br><br>William Will Morrow,<br><br>        Petitioner/Defendant. | Case No. 2:13-cr-00141-JAD-VCF-3<br><br>**Order Granting Amended Joint Motion to Vacate, Set Aside, or Correct Conviction and Sentence under 28 U.S.C. § 2255**<br><br>ECF Nos. 266, 286 |

**Certification:** This amended joint motion is timely filed. The original protective 2255 motion was filed by the Federal Public Defender's office on behalf of Mr. Morrow on June 23, 2020, ECF No. 266, which was filed within one year of *United States v. Davis*, 139 S.Ct. 2319 (2019).

The parties, having discussed this case, the applicable law, and available remedies, have reached a joint stipulation for relief in this case.

## I.    Procedural History

On March 17, 2015, Mr. Morrow pled guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One), and use of a firearm during and in relation to "a crime of violence" (specifically, conspiracy to commit Hobbs Act robbery) in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (Count Two).  ECF No. 143.  On July 7, 2015, the district court sentenced Mr. Morrow to 6 months of imprisonment on Count One and a consecutive sentence of 84 months imprisonment on Count Two.  ECF Nos. 164, 166.  Further, the Court imposed a concurrent supervised release term of 3 years on Count One and 5 years on Count Two.  ECF No. 166.

## II.   The *Davis* Decision

On June 24, 2019, the Supreme Court issued *United States v. Davis*, 139 S. Ct. 2319 (2019), holding that § 924(c)'s residual clause is unconstitutionally vague in violation of the Due Process Clause.

In light of *Davis*, conspiracy to commit Hobbs Act robbery categorically fails to qualify as a "crime of violence." Section 924(c) generally prohibits the use of a firearm during and in relation to a "crime of violence." Therefore, Mr. Morrow is entitled to a vacatur of his unlawful § 924(c) conviction under 28 U.S.C. § 2255(a).

## III.   Mr. Morrow's is out of federal custody.

Mr. Morrow has completed the custodial portion of his sentence. He was released from federal custody on February 13, 2020, and is currently on supervised release.

## IV.   Joint Stipulation for Relief

Mr. Morrow and the United States jointly move this Court to vacate Count Two, the 18 U.S.C. § 924(c) conviction and 84-month consecutive sentence, pursuant to 28 U.S.C. § 2255. In light of *Davis*, the parties agree that relief is warranted because Count One's conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951, is no longer a qualifying crime of violence under 18 U.S.C. § 924(c). Thus, Mr. Morrow's Count Two conviction is no longer valid under the law and its attendant 84-month term of imprisonment and 5-year term of supervised release must be vacated.

The parties therefore jointly ask this Court to vacate Count Two's conviction and sentence (84-months of imprisonment and 5 years of supervised release) and enter an amended judgment with a sentence for Count One—the remaining conspiracy count—of *time-served* and *3 years* of supervised release.

**Dated**: August 13, 2020.

Respectfully submitted:

| | |
|---|---|
| BROWN MISHLER, PLLC | NICHOLAS A. TRUTANICH<br>United States Attorney |
| By:  *s/Christopher S. Mishler*<br>Christopher S. Mishler | By:  *s/Elizabeth O. White*<br>Elizabeth O. White<br>Assistant United States Attorney |
| Counsel for William Morrow | Counsel for the United States |

## ORDER

For the reasons stated in the Amended Joint Motion to Vacate, Set Aside, or Correct Conviction and Sentence under 28 U.S.C. § 2255 [ECF No. 286], IT IS HEREBY ORDERED that the motion **[ECF No. 286] is GRANTED; Defendant William Morrow's conviction and sentence on count two (use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A), 2/aiding and abetting,** *see* **ECF No. 166 at 1) are VACATED**.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to enter an amended judgment** on Count One (conspiracy to interfere with commerce by robbery) only, imposing a sentence of time served followed by three years of supervised release.

IT IS FURTHER ORDERED that the original motion to vacate **[ECF No. 266] is DENIED** as moot.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: August 13, 2020

3